<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4310**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

SHAWNETTA BELTON,

                 Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Terry L. Wooten, Chief District Judge.   (3:14-cr-00299-TLW-1)

Submitted:  December 28, 2015        Decided:  February 1, 2016

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.   Winston David Holliday, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawnetta Belton appeals her conviction and the sentence imposed by the district court after she pled guilty to conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but raising potential issues regarding the validity of Belton's plea and the sufficiency of the court's explanation of her sentence. Belton has filed a pro se supplemental brief asserting several errors in her plea and sentence and arguing that trial counsel was ineffective. We affirm.

Having reviewed the transcript of Belton's plea colloquy, we conclude that the district court substantially complied with the requirements of Fed. R. Crim. P. 11, and that any errors in the colloquy did not affect her substantial rights. See United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009) (providing standard).

With respect to Belton's sentence, we conclude that the district court did not err in adopting the uncontested factual allegations of the PSR. See United States v. Powell, 650 F.3d 388, 394 (4th Cir. 2011) (holding that district court may summarily adopt information in PSR unless defendant makes

2

affirmative showing that it is inaccurate). Any error in calculating the Guidelines range was harmless because the court expressly stated that it would have imposed the same sentence even if its calculations were erroneous, and the 120-month sentence imposed by the district court was reasonable. United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir.) (providing harmless error standard), cert. denied, 135 S. Ct. 305 (2014). Finally, the court's thorough explanation of its sentence was adequate. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

To the extent Belton argues that trial counsel was ineffective, we conclude that she has not made the requisite showing to assert an ineffective assistance claim on direct appeal and that this claim should be raised, if at all, in a motion under 28 U.S.C. § 2255 (2012). United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) ("Ineffective assistance claims are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Belton, in writing, of

3

her right to petition the Supreme Court of the United States for further review. If Belton requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED